**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

MICHAEL LEE COWAN
ADC #81896                                                                                           PLAINTIFF

V.                              NO. 4:15-CV-592-KGB-BD

ROBERT PAGE, et al.                                                                          DEFENDANTS

**RECOMMENDED DISPOSITION**

I. **Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge Kristine G. Baker. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection. Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

II. **Discussion:**

A.    Background

Plaintiff Michael Lee Cowan, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit *pro se* under 42 U.S.C. § 1983 alleging Defendants Page and Kelley denied him access to the courts because they ignored his requests for legal forms and because he only had access to a computerized law library. (Docket entry #2, #9) As

a result, Mr. Cowan alleges he missed the deadline to appeal the denial of his habeas corpus petition. (#2, #9) Defendant Kelley filed a motion to dismiss and a supplement to her motion arguing that she is entitled to qualified and sovereign immunity, vicarious liability is inapplicable, and that Mr. Cowan failed to allege facts that support a viable cause of action. (#11, #13) Mr. Cowan filed a motion to set aside Defendant Kelley's motion to dismiss[1]. (#14)

For the reasons set forth below, the Court recommends that the Defendant Kelley's motion to dismiss (#11) be GRANTED, and that Mr. Cowan's motion to set aside Defendant Kelley's motion (#14) be DENIED.

B.  Standard

Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint that fails to state a claim upon which relief can be granted. In deciding whether a plaintiff has failed to state a claim, the Court must determine whether the plaintiff has pleaded facts with enough specificity "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007)(citations omitted). A complaint cannot simply "[leave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id*. at 1968 (citation omitted). Rather, the facts set forth in the complaint must be sufficient to "nudge [the] claims across the line from conceivable to plausible." *Id*. at

---

[1] The Clerk of Court is directed to re-open Docket Entry #14, Mr. Cowan's Motion to Set Aside Motion to Dismiss.

1974.  The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers. . . ."  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).  However, broad conclusory allegations, even in a *pro se* complaint are insufficient to state a claim under 42 U.S.C. § 1983.  *Grady v. Wilken*, 735 F.2d 303, 305 (8th Cir. 1984).

  C. Mr. Cowan's Version of the Facts

On April 24, 2015, Mr. Cowan was transferred to the Bowie County facility in Texarkana, Texas.  (#2)  Mr. Cowan had an active habeas case that he had been litigating or pursuing while he was housed at the Delta Unit and was informed that the law library at the Bowie County facility was computerized.  (#2)  Mr. Cowan informed staff that he was "computer illiterate" and requested to be transferred back to Arkansas so he could work on his habeas case.  (#2)  According to Mr. Cowan, Bowie County staff members responded that he would need to contact the Arkansas Department of Correction ("ADC") in order to request a transfer.  (#2)  Mr. Cowan alleges that he sent a letter to Defendant Kelley explaining the situation and requesting a transfer back to Arkansas for "legal work purposes."  (#2)  Defendant Kelley did not respond to his letter.  (#2)

On May 5, 2015, Mr. Cowan filed a grievance concerning the matter.  (#2, Ex. B, BOW15-00067)  The Warden responded that Mr. Cowan had access to the Arkansas Inmate Assistance Attorney; he could put in a written request to use the computers; and he could put a written request for legal information.  Mr. Cowan appealed.  On June 18,

2015, Director Rory Griffin found Mr. Cowan made no written requests and found the appeal to be without merit.

Despite the Director's decision, on May 13, 2015, Mr. Cowan made a request for legal forms to appeal the denial of his habeas petition but his request was ignored. (#2, Ex. C) On May 17, 2015, Mr. Cowan again requested the legal forms and wrote a letter to the inmate attorney asking for legal forms and for legal assistance. (#2, Ex. F & G) On May 22, 2015, Mr. Cowan claims he made a verbal request to Mr. Dorsey, the law library supervisor, for the necessary legal forms and he states the request was ignored. On May 25, 2015, Mr. Cowan made his third written request for the same legal forms. (#2, Ex. H)

Mr. Cowan's appeal of his habeas action was due on June 1, 2015. On June 1, 2015, Mr. Cowan filed another grievance because his requests for legal forms were being ignored causing his appeal to be untimely. (#2, Ex. I, BOW 15-00118) The Warden responded that Mr. Cowan was advised in his previous grievance how to request assistance and that the officers assigned to the law library cannot find any evidence that he submitted a request for Arkansas legal material or that he attempted to contact the Inmate Attorney Assistance Program. The Warden found no deliberate indifference directed toward Mr. Cowan by the staff to be denied access to the law library or court. Mr. Cowan appealed arguing that he had followed the Warden's advice about how to obtain legal material but was ignored. Rory Griffin concurred with the Warden's

decision.

On June 6, 2015, Mr. Cowan made a written request for legal forms in order to file a civil action. (#2, Ex. J) On June 12, 2015, Mr. Cowan made a second request. (#2, Ex. K) According to Mr. Cowan, because both requests were ignored, he filed a grievance on June 17, 2015, asking for the requested legal forms. (#2, Ex. L, BOW15-00152) The Warden responded by attaching the forms requested.

D. Official Capacity Claim

Mr. Cowan's claims for money damages from Defendant Kelley in her official capacity is barred by sovereign immunity. A civil litigant cannot recover money damages from state actors sued in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989). Official-capacity claims against Defendant Kelley must be dismissed.

E. Individual Capacity Claim

Defendant Kelley has raised the defense of qualified immunity.[2] Qualified immunity protects government officials from liability for monetary damages in a § 1983 action unless, at the time of alleged violation, their conduct violated a clearly established federal statutory or constitutional right of which a reasonable person would have known. *Ashcroft v. Al-Kidd*, 131 S. Ct. 2074, 2084 (2011). Defendants are entitled to qualified immunity unless: (1) the supported facts, viewed in the light most favorable to the

---

[2]Mr. Cowan has not requested any injunctive relief.

plaintiff, show that they violated a constitutional right; and (2) that constitutional right was clearly established at the time of the alleged violation. *Id.; Livers v. Schneck*, 700 F.3d 340, 350 (8th Cir. 2012).  Importantly, those two issues may be addressed in any order. *Id.*

It is well established that inmates must be provided with some access to legal materials *or* to legal assistance so that they can prepare and pursue their complaints. *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir.1996).  The Supreme Court has clarified that the First Amendment right of access to the courts requires prison officials to provide prisoners with either "adequate law libraries or adequate assistance from persons trained in the law." *Bound v. Smith*, 430 U.S. 817, 828 (1977); *Entzi v. Redmann*, 485 F.3d 998 (8th Cir. 2007).  However, there is no "abstract, free standing right to a law library." *Lewis v. Casey,* 518 U.S. 343, 351 (1996).

Defendant Kelley argues that she cannot be held responsible on a theory of respondeat superior.  Defendant Kelley is correct in this argument; however, supervisors can "incur liability . . . where their corrective inaction amounts to deliberate indifference or to tacit authorization of the violative practices." *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993)(quoting *Fruit v. Norris*, 905 F.2d 1147, 1151  (8th Cir. 1990).

Here, Mr. Cowan alleges he wrote Defendant Kelley a letter, "explaining his situation."  *Langford v. Norris*, 614 F.3d 445 (8th Cir. 2010)(Supervisor was put on notice for purposes of corrective inaction through letters the Plaintiffs sent to him outside

of the grievance process.)   Therefore, the question becomes, is Defendant Kelley entitled to qualified immunity, after being notified that Mr. Cowan was "computer illiterate" and his requests for legal forms was going unanswered although he had access to a computerized law library.  *See Id*. and *Miller v. Schoenen*, 75 F.3d 1305, 1308 (8th Cir. 1996) (Courts must "examine the information possessed by the government official accused of wrongdoing in order to determine whether, given the facts known to the official at the time, a reasonable government official would have know that his actions violated the law.")  In other words, does providing Mr. Cowan access to a computerized law library only rise to the level of a constitutional violation that Defendant Kelley should have known about.

   Other courts that have looked at the issue of computerized law libraries, have found that a plaintiff inmate's preference for law libraries in print is not a constitutional claim.  *Detmer v. Schafer*, 2010 WL 55971 (W.D. Mo. 2010)("Plaintiff's preference for books to conduct his legal research, rather than on-line legal resources . . . fails to support a claim that plaintiff is being denied access to the courts."); *Detmer v. Gilmore*, 2008 WL 2230698 (W.D. Mo. 2008)("Plaintiff's claim that he wants to have full access to a law library with expansive legal resources in print fails to allege that he is being denied access to courts.")

   Here, there is no claim that Mr. Cowan is being deprived of access to an adequate law library.  *See, e.g., Little v. Norris*, 787 F.2d 1241, 1244 (8th Cir.1986) ("If there is an

adequate law library available or if there is assistance available from persons trained in the law, then the state has satisfied the inmates' right to meaningful access to the courts.") (citing *Bounds*, 430 U.S. at 828).  Assuming Defendant Kelley was on notice, it cannot be said that Defendant Kelley violated a clearly established right when she failed to take action after receiving Mr. Cowan's letter.  It was reasonable for Defendant Kelley to believe that giving Mr. Cowan access to a computerized law library satisfied the First Amendment.  Accordingly, she is entitled to qualified immunity.

### III.     Conclusion:

The Court recommends that Defendant Kelley's motion (#11) be GRANTED, and that Mr. Cowan's motion to set aside Defendant Kelley's motion (#14) be DENIED.  The claims against Defendant Kelley should be DISMISSED, with prejudice.  Further, Defendant Kelley's motion to stay discovery (#24) should be denied, as moot.

Dated this 26th day of July, 2016.

_____
UNITED STATES MAGISTRATE JUDGE